**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN L. OBERLE** | : | Case No.:  1:23-cv-1411 |
| 4585 River Road | : | |
| Norwalk, Ohio 44857 | : | Judge: |
| | : | |
| Plaintiff, | : | Magistrate Judge: |
| | : | |
| vs. | : | **Complaint with Demand for Jury** |
| | : | **Trial** |
| **NORFOLK SOUTHERN RAILWAY** | : | |
| **COMPANY**, | : | |
| c/o Statutory Agent | : | |
| Corporation Service Company | : | |
| 3366 Riverside Drive, Suite 103 | : | |
| Upper Arlington, Ohio 43221 | : | |
| | : | |
| Defendant. | : | |
| | : | |

COMES NOW Plaintiff, John L. Oberle, by and through the undersigned counsel, and brings this Complaint against Defendant, Norfolk Southern Railway Company ("NSRC"), and in support thereof states:

## GENERAL ALLEGATIONS

1. Defendant, NSRC, is now, and was at all times hereinafter mentioned, a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce in the state of Ohio and other states of the United States.

2. NSRC operates its railroad throughout the territory comprising the United States District Court for the Northern District of Ohio, Eastern Division.

3. At all times hereinafter mentioned, Plaintiff, John L. Oberle, was employed by Defendant NSRC as a conductor in furtherance of its interstate commerce.

1

4. At all times hereinafter mentioned, the Plaintiff and the Defendant, NSRC, were employed and engaged in interstate commerce and by reason thereof their mutual and respective rights and liabilities were governed by a certain Act of Congress, known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.

5. The occurrence that is the subject of Plaintiff's claim arose within the territory comprising the United States District Court of the Northern District of Ohio, Eastern Division.

6. This action is properly venued in this Court under the FELA, Federal Rules of Civil Procedure, and local rules, and that this Court has jurisdiction pursuant to 28 U.S.C. 1331, Federal Question Jurisdiction.

## COUNT I
### (Federal Employers' Liability Act)

7. On or about August 8, 2020, while employed as a conductor for Defendant NSRC and in the course and scope of his employment in NSRC's Avon Lake Yard in Avon Lake, Ohio, Lorain County, Plaintiff was attempting to operate a defective lever style handbrake on railcar TTGX 995942. The handbrake did not operate properly and unexpectedly jerked, causing the permanent, serious injuries described more fully herein.

8. At all pertinent times herein the involved equipment was owned, operated, and/or maintained by Defendant.

9. The instant action was filed within three (3) years of the date when Plaintiff knew or reasonably could have known of his injuries and their relationship to his employment with Defendant.

10. Plaintiff states that his injuries and damages resulted in whole or in part as a result of the negligent acts and/or omissions of the Defendant and/or its officers, agents, and/or employees, in one or more of the following particulars:

    a)  Defendant failed to provide Plaintiff with a reasonably safe place to work.

    b)  Defendant failed to provide Plaintiff with reasonably safe conditions for work.

    c)  Defendant negligently and carelessly failed to warn Plaintiff.

    d)  Defendant failed to inspect and maintain its equipment.

    e)  Defendant failed to provide proper tools and equipment.

    f)  Defendant carelessly and negligently failed to provide power handbrakes on its equipment.

    g)  Defendant was otherwise careless and/or negligent.

  11.  Defendant knew and/or should have known of its negligent acts and/or omissions set forth above and of the likelihood of injury resulting therefrom.

  12.  As a result, in whole or in part, of the aforementioned conduct of Defendant and/or its officers, agents, and/or employees, Plaintiff John L. Oberle was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff sustained injuries and/or aggravations to his back and spine and the nerves, bones, discs, cartilage, vessels, muscles, tendons, ligaments, tissues, and other structures associated therewith; Plaintiff suffered and will continue to suffer pain and mental anguish; Plaintiff was caused to undergo medical treatment, including tests and injections, and will in the future be caused to undergo additional treatment; Plaintiff lost the wages, and benefits of his employment and earning capacity, and will in the future lose further such wages, benefits and earning capacity; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's earning capacity, and ability to work, labor, and enjoy the normal pursuits of life have been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, John L. Oberle, prays for judgement against the Defendant, Norfolk Southern Railway Company, for a sum fair and reasonable under the circumstances, together with his costs herein expended, and for such further and additional relief as the Court deems just and proper.

## COUNT II
(Safety Appliance Act – Strict Liability)

13. Plaintiff restates and realleges the preceding paragraphs, incorporating same by reference as if fully set forth herein.

14. The respective rights and remedies of the Plaintiff and Defendant are controlled by the Federal Employers Liability Act, 45 U.S.C. §§51 *et. seq*. and the Safety Appliance Act (SAA), 49 U.S.C. §§ 20302 *et. seq*. in that Plaintiff was an employee of the Defendant whose job duties closely and substantially affected interstate commerce at the time of the injuries as herein alleged.

15. Plaintiff states that his injuries and damages resulted in whole or in part from the acts or omissions of the Defendant and/or its officers, agents, and/or employees, in one or more of the following particulars:

   a. Defendant used or permitted to be used handbrakes that were defective, faulty, inefficient and/or improperly maintained; and/or

   b. That defendant failed to provide an efficient hand brake thereby violating 49 U.S.C. 20302(a)(1)(B); and/or

   c. Defendant violated 49 C.F.R. §§ 231.0 *et seq.*

16. All of the aforementioned violations of federal law/regulations constitute negligence per se and prevent the application of comparative fault in the instant case.

17. As a result, in whole or in part, of the aforementioned conduct of Defendant and/or its officers, agents, and/or employees, Plaintiff John L. Oberle was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff sustained injuries and/or aggravations to

his back and spine and the nerves, bones, discs, cartilage, vessels, muscles, tendons, ligaments, tissues, and other structures associated therewith; Plaintiff suffered and will continue to suffer pain and mental anguish; Plaintiff was caused to undergo medical treatment, including tests and injections, and will in the future be caused to undergo additional treatment; Plaintiff lost the wages, and benefits of his employment and earning capacity, and will in the future lose further such wages, benefits and earning capacity; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's earning capacity, and ability to work, labor, and enjoy the normal pursuits of life have been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, John L. Oberle prays for judgement against the Defendant, Norfolk Southern Railway Company, for a sum fair and reasonable under the circumstances, together with his costs herein expended, and for such further and additional relief as the Court deems just and proper.

### Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated July 21, 2023          Respectfully Submitted,

/s/ *Dustin B. Herman*
DUSTIN B. HERMAN (0093163)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*dherman@spanglaw.com*

*Counsel for Plaintiff*